# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JAKITA MURPHY**                                                               **PLAINTIFF**
**ADC #710981**

**V.**                    **NO. 3:21-cv-133-DPM-ERE**

**PAMELA MALOTT**                                           **DEFENDANT**

## ORDER

Pending before the Court is Plaintiff Jakita Murphy's motion for the appointment of counsel. *Doc. 35*. A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

    The decision to appoint counsel is based on the circumstances of each case.

After considering all of the relevant factors, in particular, the factual and legal complexity of this case and Ms. Murphy's demonstrated ability to present her own claims, the Court declines to appoint counsel at this time.

IT IS THEREFORE ORDERED THAT Ms. Murphy's motion for appointment of counsel *(Doc. 35)* is denied, without prejudice.[1]

Dated this 4th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If this case is scheduled for trial, the Court will consider, on its own, whether counsel should be appointed to assist Ms. Murphy at trial.