IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAKITA MURPHY                                                    PLAINTIFF
ADC #710981

V.                              NO. 3:21-cv-133-DPM-ERE

PAMELA MALOTT                                                  DEFENDANT

<u>ORDER</u>

Pending before the Court are Defendant Malott's motion to seal, as well as her motion for summary judgment, brief in support of that motion, and statement of facts arguing that she is entitled to judgment as a matter of law on the merits of Ms. Murphy's claims. *Docs. 38, 40, 41, 42.*

**I.      Motion to Seal**

In her motion to seal, Defendant Malott asks to file a video of the underlying incident under seal with the Court. *Doc. 38*. She explains that public access to the video poses a security concern for both the prison and Ms. Murphy. That motion will be granted.

**II.     Ms. Murphy's Response to Motion for Summary Judgment**

Ms. Murphy has a right to file a response to Defendant Malott's motion for summary judgment.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Ms. Murphy's response should include her legal arguments, as well as affidavits,[1] jail records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[2] Ms. Murphy must separately file a "separate, short and concise statement of the material facts as to which [she] contends there is no genuine dispute to be tried." Ms. Murphy's statement of disputed facts must state whether she "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendant Malott's statement of undisputed facts. *Doc. 42*.   If Ms. Murphy disagrees with any of the facts in Defendant Malott's statement of undisputed facts, she must: (1) identify each numbered paragraph that contains the facts she disputes; (2) for each paragraph, explain why she disputes those facts; and (3) include a citation to the evidence she is relying on to support her version of the disputed fact. If Ms. Murphy relies on documents that have been previously filed in the record, she must specifically refer

---

[1]   The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746. Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

[2]   The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

to those documents by docket number and page. The Court will not sift through the file to find support for Ms. Murphy's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1.     Defendant Malott's motion to seal (*Doc. 38*) is GRANTED. The Clerk is instructed to file the video at issue under seal with the Court.

2.     Defendant Malott is instructed to provide Ms. Murphy an opportunity to view the video at issue within 7 days of this Order.

3.     Ms. Murphy has until and including **September 26, 2022**, to file: (1) a response to Defendant Malott's motion for summary judgment; and (2) a separate statement of disputed facts. As to any filing, Ms. Murphy should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

4.     Ms. Murphy is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in Defendant Malott's statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 8th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE